FILED

2012 OCT 23 AM 11:07

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY law

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | ) Case No. SACV 12-1769-UA-DUTY )  ) |
| Plaintiff, | ) ORDER SUMMARILY REMANDING ) IMPROPERLY REMOVED ACTION |
| vs. | ) ) |
| JAMES STEPHEN KITTELL II et al., | ) ) ) |
| Defendants. | ) |

The Court hereby summarily remands this unlawful-detainer action to state court because Defendant removed it improperly.

On October 12, 2012, Defendant James Kittell, having been sued in what appears to be a routine unlawful-detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied Defendant's IFP application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand it to state court.

This action is not properly removed because Plaintiff could not have brought it in federal court in the first place; Defendant does not competently allege facts supplying either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); see Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 563, 125 S. Ct. 2611, 2623, 162 L. Ed. 2d 502 (2005). Even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. See 28 U.S.C. §§ 1332, 1441(b). Removal is improper if it is "facially apparent" from the complaint that the amount-in-controversy requirement is not satisfied. See Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 690 (9th Cir. 2006). Here, the unlawful-detainer Complaint clearly recites that the amount in controversy is "less than $10,000.00."[1] (Compl. at 1.)

Nor does Plaintiff's unlawful-detainer action raise any federal legal question. See 28 U.S.C. §§ 1331, 1441(b). Defendant appears to assert that federal-question jurisdiction exists because Plaintiff's actions in bringing suit against him violate his constitutional right to due process of law. (Notice of Removal at 2.) To the extent Defendant's allegations constitute a counterclaim, they still do not provide a basis for

---

[1] Moreover, even if the amount in controversy was ambiguous from the face of the Complaint, which it is not, it would then be Defendant's burden to submit "summary-judgment-type evidence" to prove by a preponderance of the evidence that the amount-in-controversy requirement had been satisfied. See Abrego Abrego, 443 F.3d at 683, 690; Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010). Defendant has not submitted any such evidence.

federal-question jurisdiction. It is well established that a suit "arises under" federal law within the meaning of § 1331 "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." Vaden v. Discover Bank, 556 U.S. 49, 59, 12 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009) (alteration in original). Federal jurisdiction "cannot be predicated on an actual or anticipated defense," nor can it rest upon "an actual or anticipated counterclaim." Id. at 60. Because the Complaint on its face alleges only an unlawful-detainer action under state law, no basis for federal-question jurisdiction exists. See HSBC Bank USA, N.A. v. Bryant, No. 09-CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (remanding unlawful-detainer action because "no basis for 'federal question' jurisdiction" existed despite defendant's assertion of federal counterclaims).

    Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court, Orange County, 1275 North Berkeley Avenue, Fullerton, California, 92832, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of it on the parties.

IT IS SO ORDERED.

DATED: 10/18/12

GEORGE H. KING
CHIEF U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge

3