FILED

2012 OCT 23  AM 11: 07

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY Law

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, <br><br>             Plaintiff, <br><br>      vs. <br><br> JAMES STEPHEN KITTELL II et al., <br><br>             Defendants. | Case No. SACV 12-1769-UA-DUTY <br><br> ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION |

The Court hereby summarily remands this unlawful-detainer action to state court because Defendant removed it improperly.

On October 12, 2012, Defendant James Kittell, having been sued in what appears to be a routine unlawful-detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied Defendant's IFP application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand it to state court.

1    This action is not properly removed because Plaintiff could
2  not have brought it in federal court in the first place;
3  Defendant does not competently allege facts supplying either
4  diversity or federal-question jurisdiction, and therefore removal
5  is improper.  28 U.S.C. § 1441(a); see Exxon Mobil Corp. v.
6  Allapattah Servs., Inc., 545 U.S. 546, 563, 125 S. Ct. 2611,
7  2623, 162 L. Ed. 2d 502 (2005).  Even if complete diversity of
8  citizenship exists, the amount in controversy does not exceed the
9  diversity-jurisdiction threshold of $75,000.  See 28 U.S.C.
10  §§ 1332, 1441(b).  Removal is improper if it is "facially
11  apparent" from the complaint that the amount-in-controversy
12  requirement is not satisfied.  See Abrego Abrego v. Dow Chem.
13  Co., 443 F.3d 676, 690 (9th Cir. 2006).  Here, the
14  unlawful-detainer Complaint clearly recites that the amount in
15  controversy is "less than $10,000.00."[1]  (Compl. at 1.)

16    Nor does Plaintiff's unlawful-detainer action raise any
17  federal legal question.  See 28 U.S.C. §§ 1331, 1441(b).
18  Defendant appears to assert that federal-question jurisdiction
19  exists because Plaintiff's actions in bringing suit against him
20  violate his constitutional right to due process of law.  (Notice
21  of Removal at 2.)  To the extent Defendant's allegations
22  constitute a counterclaim, they still do not provide a basis for

---

[1] Moreover, even if the amount in controversy was ambiguous
from the face of the Complaint, which it is not, it would then be
Defendant's burden to submit "summary-judgment-type evidence" to
prove by a preponderance of the evidence that the amount-in-
controversy requirement had been satisfied.  See Abrego Abrego, 443
F.3d at 683, 690; Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395,
400 (9th Cir. 2010).  Defendant has not submitted any such
evidence.

1   federal-question jurisdiction.  It is well established that a

2   suit "arises under" federal law within the meaning of § 1331

3   "only when the plaintiff's statement of his own cause of action

4   shows that it is based upon [federal law]." <u>Vaden v. Discover</u>

5   <u>Bank</u>, 556 U.S. 49, 59, 12 S. Ct. 1262, 1272, 173 L. Ed. 2d 206

6   (2009) (alteration in original).  Federal jurisdiction "cannot be

7   predicated on an actual or anticipated defense," nor can it rest

8   upon "an actual or anticipated counterclaim."  <u>Id.</u> at 60.

9   Because the Complaint on its face alleges only an unlawful-

10  detainer action under state law, no basis for federal-question

11  jurisdiction exists.  <u>See</u> <u>HSBC Bank USA, N.A. v. Bryant</u>, No.

12  09-CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10,

13  2009) (remanding unlawful-detainer action because "no basis for

14  'federal question' jurisdiction" existed despite defendant's

15  assertion of federal counterclaims).

16      Accordingly, IT IS ORDERED that (1) this matter be REMANDED

17  to the Superior Court, Orange County, 1275 North Berkeley Avenue,

18  Fullerton, California, 92832, for lack of subject matter

19  jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send

20  a certified copy of this Order to the state court; and (3) the

21  Clerk serve copies of it on the parties.

22      IT IS SO ORDERED.

23  DATED:  10/18/12                    _____

24                                      GEORGE H. KING
                                        CHIEF U.S. DISTRICT JUDGE

25  Presented by:

26  Jean Rosenbluth

27  Jean Rosenbluth
    U.S. Magistrate Judge

28

3